Mr. Justice Smith
delivered the opinion of the court.
The widoAV of George Grissell, deceased, E. D. Walcott and his wife Sarah, filed their petition in the probate court of Warren county, to establish and have admitted to probate, a Avill of the said Grissell.
This proceeding was resisted by Mary F. Bohanon, Avho sought to establish a subsequent will of the same individual. The pro *337 bate court, after hearing the proofs in the cause, decided in favor of the prior will, which was therefore admitted to probate. From this decision, the respondent, Mary F. Bohanon, prayed and obtained an appeal to this court.
Two propositions cover the whole ground of controversy between the parties.
1. Was the second will of Grissell revoked by the testator?
2. If the second will was revoked, did such revocation ipso facto revive the former?
To decide the first position it is necessary to examine into the facts as they appear from the record.
George Grissell, who then resided in Green county,- in the state of Alabama, duly executed and published his will on the 22d of April, IS29, by. which he disposed of his estate, real and personal; subsequent to which time, he removed to this state, where he became possessed of additional property, both personal and real; and having been induced to believe that the will which he had executed in Alabama, would be inoperative in Mississippi, and desiring to make a different disposition of his estate, he duly executed and published a second will again, and in a different manner, disposing of his whole property. The publication of the second will was made on the 28th of December, 1831, by which he expressly revoked all former wills and testaments.
Some two months anterior to his demise, he expressed an intention of revoking his last will, and again disposing of his effects. For this purpose he applied to William Bacon, to write “ a new will,” presenting at the same time the will of 1831, in which there were interlineations and erasures, which he pointed out, and objected to other provisions of the will. He stated to Bacon, that he had done away that will, and that the interlineations and erasures were made by his directions, and Bacon having made a memorandum of the additional alterations which he desired to be made, received the will, interlined and erased as above described, from him as a guide to be used in drafting another. During this interview between Bacon and Grissell, the latter expressed a desire, that, if Bacon should not write a new will, the will of 1829 should go into effect.
*338 From this state of facts, two constructions are clearly deducible. 1. That, the testator had resolved to revoke the will of 1831, and to substitute another. And.2. That said will was interlined and erased in several places, by his direction, with the intention to revoke. The intentions of Grissell to destroy the second will, clearly expressed by himself, was rendered still more certain by the delivery of it to Bacon, as a guide or memorandum in drafting a new will.
But were these interlineations and erasures such a destruction,. cancellation or obliteration of the will, as to a.r.ount to a revocation? '
The degree of destroying, cancelling or obliterating, necessary to the revocation of a will, is not defined by the statute, but must; 1 apprehend, depend upon the circumstances of each cáse.
In the present case, the animus revocandi has been clearly proved, and it has been settled by high authority, that the slightest act of tearing or burning, if accompanied by satisfactory evidence drawn aliunde of the intention to revoke, will satisfy the statute, and revoke the will. Powell on Devises, 634; Burtenshaw v. Gilbert, 1 Cowp. 59. The case of Johnson et al. v. Brailsford, in 2 Nott & M’Cord, is analogous to the case now under consideration. In that case, the jury found that the will of the deceased was found in his private desk; and, that at the time of its being found, the seals with which the said will and codicil had been executed, were torn off, after having been previously crossed with a pencil; and that several interlineations and erasures were made in the body of the will. They also further found that about the time the aforesaid interlineations and erasures were made, the testator directed another will to be drawn out, materially different from the first one, which was accordingly drawn out, but never executed; and that further from the declared intention of the testator, that the seals were torn off cum animo revocandi.
In delivering the opinion in that case, Judge Huger remarked, “ that in this case, the jury have found that the will was torn animo revocandi. It cannot be important what part-of the will be torn; the seal, though unnecessary to the will, was made a part of it by the testator. The first two'or three lines are equally unnecessary^ *339 and yet it would not be contested that, if these lines had been torn from the instrument, with intent to revoke, the statute would be satisfied.” In the present case, the seals' wure not torn off, but several interlineations and erasures were made by. the express direction of the testator, and for the avowed purpose of revoking the will. There' was also a delivery of the erased will to an individual to be used as a memorandum in drafting another. ‘ It is true, that'the statute of South Carolina, upon which that decision was predicated, is not identical in language with the law of this state on the same subject, but they are so similar in effect, that the difference is hardly appreciable. In the statute of 1789, of South Carolina, the word destroy is used, whereas; in that of this state, the additional words of cancelling and obliterating are inserted. But the word “ destroy” includes both of the others; for it is manifest that where an instrument is obliterated or cancelled, that it'must be destroyed. The decision in the case of Johnson et al. v. Brailsford, must, therefore, be regarded as especially in point, and our opinion on the first proposition is in accordance thereto.
Upon the second position, the decisions are somewhat various. In the Matter of Hellier, 3 Atk. 798, it was expressly holden, that a former will, revoked by the creation of a second will, was not revived by the cancellation of the latter. But Lord Mansfield in the case of Glazier v. Glazier, 4 Burr. 2515, remarked, that the report only embraced what took place in the court of Chancery; but that there might have been circumstances appearing before the ecclesiastical court, which might amount to a revocation of a will of personal estate, and in the case then under consideration, holds the opposite doctrine. But with due deference to so high an authority, I conceive that his reasoning on the subject is not sound, and that if the decision in that case establishes the position that the revocation of a subsequent will, ipso facto, revives a former will, which had been expressly or impliedly revoked by the latter, that it is not law.
A will is ambulatory, and has no effect, until the death of the testator. If he lets it stand until his death, it is his will, but if revoked, it cannot be. But when revoked, it cannot be considered as having either a present or a potential existence, and must re *340 .quire some express and direct act of the testator, which, in fact, does not revive the defunct will, but adopts it as the present will .of the testator, and it is to be regarded as a new testamentary act of the party. To this effect is the text in Roper on Wills, 28, and , the decision in Burtenshaw v. Gilbert, 1 Cowp. Rep. 49; Powell on Devises, 551.
It is expressly said id 7 Johns. Chan. Rep. 270, that where a will has been revoked, either expressly or impliedly, it is gone forever.
The expression of George Grissell, that if the will which Bacon was desired to write for him should not be completed, he desired the will of 1829 to go into effect, cannot be regarded as a republication of that will. The wish was contingent, and future in its operation. And if the doctrine above held, and which is fully recognised in 7 Johns. Chan. Rep. 270, be correct, it follows, that if the intention had not been future and contingent, but present and unconditional, it would not have had the effect to revive, the former will.
The judgment must therefore be reversed, and the cause remanded.